IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| Hamilton Select Insurance Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| Lamoine Group, LLC doing business as | ) | |
| The Lamoine Retirement Living, and | ) | |
| Bradley Rebman, Independent Administrator | ) | |
| of the Estate of Donald Rebman, Deceased, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff HAMILTON SELECT INSURANCE, INC. ("Hamilton") for its Complaint against LAMOINE GROUP, LLC doing business as THE LAMOINE RETIREMENT LIVING ("Lamoine"), and BRADLEY REBMAN, INDEPENDENT ADMINISTRATOR OF THE ESTATE OF DONALD REBMAN, Deceased (collectively, "Defendants"), upon knowledge, information and belief, alleges as follows:

## NATURE OF ACTION

1.  This is an insurance coverage action in which Hamilton seeks a declaratory judgment regarding its rights and obligations under the Professional Liability and General Liability Policy No. AMHS373200, effective December 28, 2023 through December 28, 2024, issued to The Lamoine Retirement Living. A copy of the Policy is attached hereto as Exhibit A. Hamilton seeks a determination that no coverage is available under the Policy for the underlying *Rebman* Action (described in further detail below) after the Policy's Bedsores Limitation Endorsement sublimit of $100,000 has been exhausted by Hamilton's payment of defense fees and costs and/or a settlement or judgment (or a portion thereof), because the Bedsores Limitation

Endorsement contains a sublimit of $100,000 for any "damages" and "defense costs" arising out of a "suit" because of "bodily injury" in any way involving "bedsores." The underlying *Rebman* Action alleges that Donald Rebman, who was a resident at The Lamoine Retirement Living facility, suffered from bedsores for which Bradley Rebman, as administrator of Donald Rebman's estate, seeks damages.

## PARTIES

2. Hamilton is a corporation formed and existing under the State of Delaware with its principal place of business located in Glen Allen, Virginia.

3. Lamoine is a limited liability company formed and existing under the State of Illinois with its principal place of business located in McComb, Illinois. As of the filing of this Complaint, the sole member of Lamoine Group, LLC was and is Chris Trotter ("Trotter"). Trotter is a local business person who is the president of Trotter General Contracting, Inc. Trotter resides in the State of Illinois with an intent to permanently remain there, having established ties with the McComb, Illinois community, living and working there, and is therefore domiciled in the State of Illinois. Accordingly, Lamoine is a citizen of the State of Illinois.

4. Donald Rebman, deceased, was a resident of The Lamoine Retirement Living facility located in Macomb, Illinois 61455 at the time of his death, with an intent to permanently remain there. Accordingly, pursuant to 28 U.S.C. 1332(c)(2), Bradley Rebman, Independent Representative of the Estate of Donald Rebman, deceased, is an Illinois citizen for purposes of this lawsuit. Bradley Rebman, Independent Representative of the Estate of Donald Rebman, deceased, is named as a Defendant in this lawsuit as a necessary party for the purpose of binding him to the Court's declaratory judgment.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. In the underlying *Rebman* Action, Bradley Rebman seeks damages in excess of $75,000 for bodily injury that Donald Rebman suffered due to bedsores.

6. This Court has personal jurisdiction over Lamoine because Lamoine and its members are domiciled in and regularly conduct business in the State of Illinois.

7. This Court has personal jurisdiction over Bradley Rebman, Independent Representative of the Estate of Donald Rebman, deceased, because the decedent resided within the State of Illinois before his death.

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims at issue occurred within this District.

9. An actual controversy exists among the parties concerning the amount of insurance coverage available under the Hamilton Policy for the damages resulting from Mr. Rebman's death.

**FACTUAL ALLEGATIONS**

10. Hamilton issued the Policy to The Lamoine Retirement Living. (Ex. A.) Hamilton received notice of a claim and a copy of an Amended Complaint in the lawsuit captioned, *Bradley Rebman, Independent Administrator of the Estate of Donald Rebman, deceased, v. The Lamoine Retirement Living and Lamoine Group, LLC*, Case No. 2024LA3, filed in the Circuit Court of Schuyler County, Illinois (the "*Rebman* Action"). According to a physician's letter attached to the Amended Complaint in the *Rebman* Action, Lamoine failed to implement a turning and repositioning program for Mr. Rebman, resulting in "significant pressure injuries on [Mr.

3

Rebman's] backside." Mr. Rebman also sustained skin breakdown due to immobility. A copy of the Amended Complaint in the *Rebman* Action, including the physician's letter, is attached hereto as Exhibit B.

11. The Policy was amended by Form AM4105 (07/21) Bedsores Limitation (the "Bedsores Limitation Endorsement"). The Bedsores Limitation Endorsement provides, in pertinent part:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**BEDSORES LIMITATION**

This endorsement modifies insurance provided under the following:

ALLIED MEDICAL PROFESSIONAL LIABILITY

**SCHEDULE**

| LIMITS OF INSURANCE | |
|---|---|
| Each Occurrence, Claim or "Health Care Incident" Limit | $100,000 |
| Aggregate Limit | $300,000 |

It is understood and agreed that the following is added to this Policy:

**"Bedsores" Limit**

The amount shown in the **SCHEDULE** above is the maximum amount we will pay for all "damages" or "defense costs" arising out of, in whole or in part, any "claim" or "suit because of "bodily injury" arising out of, related to, or in any way involving "bedsores".

The Limits of Insurance shown in the **SCHEDULE** above apply to any "claim" or "suit" regardless of whether "bedsores" are the initial precipitating cause or are in any way a cause of any "bodily injury" and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence, including whether any actual or alleged "bodily injury" arises out of a chain of events that includes "bedsores".

The Limits of Insurance shown in the **SCHEDULE** above are subject to and not in addition to the Limits of Insurance shown in the Declaration page of this policy. This endorsement in no way increases the Each Claim or Aggregate Limits of Insurance as set forth in the Declaration page of this Policy.

4

As used in this endorsement:

> "Bedsores" means injuries to skin and underlying tissue resulting from prolonged pressure on the skin and lack of movement, including but not limited to pressure injuries, pressure sores, pressure ulcers, ulceration, and decubitus ulcers.

All other terms, conditions and exclusions remain unchanged.

(Ex. A at HAMILTON0053.)

12. The $100,000 Each Occurrence, Claim or "Health Care Incident" sublimit in the Bedsores Limitation Endorsement is being exhausted by the payment of defense fees and costs reasonably incurred by Hamilton in the defense of the *Rebman* Action. Therefore, pursuant to the Bedsores Limitation Endorsement, Hamilton may withdraw from the defense upon tender of control of the defense to Lamoine. Hamilton has offered to either (a) tender the amounts remaining on the $100,000 limit and control of the defense of the *Rebman* Action to Lamoine; (b) tender the amounts remaining on the $100,000 limit to Bradley Rebman in exchange for a release of Lamoine and dismissal of the *Rebman* Action with prejudice; or (c) continue to defend the *Rebman* Action pursuant to a reservation of rights while simultaneously pursuing this declaratory judgment action, reserving the right to recoup attorney's fees and costs expended in the defense of the *Rebman* Action from the date the $100,000 sublimit is exhausted forward.

## FIRST CLAIM FOR RELIEF

**Declaratory Relief – Application of the Bedsores Limitation Endorsement**
**(Against All Defendants)**

13. Hamilton incorporates by reference Paragraphs 1 through 12, above.

14. Hamilton seeks a declaration affirming that the $100,000 sublimit described in the Bedsores Limitation applies to all of the claims in the *Rebman* Action, and that the $100,000 sublimit is eroded by Hamilton's payment of defense fees, costs, settlements or judgments, such

that once Hamilton makes such payments, it no longer will have any duty to defend Lamoine and will owe no indemnity obligation to Lamoine.

15. An actual controversy exists between Hamilton and the Defendants regarding Hamilton's respective rights, duties, and obligations (if any) under the Bedsores Limitation Endorsement of the Policy and applicable law.

16. Hamilton is informed and believes Defendants contend otherwise.

17. Hamilton therefore seeks a judicial determination and order that Hamilton owes no coverage for the *Rebman* Action beyond the $100,000 Each Occurrence, Claim or "Healthcare Incident" sublimit in the Bedsores Limitation Endorsement.

Wherefore, Hamilton prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF

**Declaratory Relief – Termination of Duty to Defend After Exhaustion of the $100,000 Sublimit**
**(Against Lamoine)**

18. Hamilton incorporates by reference Paragraphs 1 through 17, above.

19. An actual controversy exists between Hamilton and Lamoine because Hamilton contends that it will soon have paid the $100,000 sublimit in defense fees and costs pursuant to the terms, conditions, exclusions and endorsements of the Policy as set forth above and upon such additional terms, conditions, exclusions and endorsements as may be proven at trial.

20. Once Hamilton pays the sublimit, Hamilton will have no further duty to defend Lamoine against the *Rebman* Action and is entitled to withdraw from the defense.

21. Hamilton is informed and believes that Lamoine contends otherwise.

22. A judicial determination is necessary to determine the respective rights of the parties hereto pursuant to the terms, conditions, exclusions and endorsements of the Policy.

23. Upon such determination, Hamilton may withdraw from the defense of the *Rebman* Action.

Wherefore, Hamilton prays for relief as set forth below.

### THIRD CLAIM FOR RELIEF

**Declaratory Relief – Reimbursement for Amounts Paid in Excess of the $100,000 Sublimit (Against Lamoine)**

24. Hamilton incorporates by reference Paragraphs 1 through 23, above.

25. An actual controversy exists between Hamilton and Lamoine because Hamilton contends that to the extent it makes any payments in excess of the $100,000 Sublimit before a determination as to coverage can be made, whether in defense fees, costs, or otherwise, will be entitled to recover the amounts in excess of $100,000 from Lamoine.

26. Hamilton is informed and believes that Lamoine contends otherwise.

27. A judicial determination is necessary to determine the respective rights of the parties hereto pursuant to the terms, conditions, exclusions and endorsements of the Policy.

28. Upon such determination, Hamilton may recover those amounts it paid in excess of the $100,000 Sublimit from Lamoine.

29. Upon such determination, Hamilton is entitled to recover from Lamoine those attorney's fees and costs that Hamilton expended in excess of the $100,000 sublimit in defense of Lamoine in the *Rebman* Action.

Wherefore, Hamilton prays for relief as set forth below.

### FOURTH CLAIM FOR RELIEF

**Declaratory Relief – No Duty to Indemnify Due to Exhaustion of the $100,000 Sublimit (Against All Defendants)**

30. Hamilton incorporates by reference Paragraphs 1 through 29, above.

31. An actual controversy exists between Hamilton and the Defendants because Hamilton contends that once it pays the $100,000 Sublimit, either by payment of defense fees and costs, a settlement or judgment, it no longer will have a duty to indemnify Lamoine or to pay any judgment in or settlement of the *Rebman* Action due to the application of the terms, conditions, exclusions, and endorsements of the Policy as set forth above and upon such additional terms, conditions, exclusions, and endorsements as may be proven at trial.

32. Hamilton is informed and believes that Defendants contend otherwise.

33. A judicial determination is necessary to determine the respective rights of the parties hereto pursuant to the terms, conditions, exclusions and endorsements of the Policy.

Wherefore, Hamilton prays for relief as set forth below.

### FIFTH CLAIM FOR RELIEF

**Declaratory Relief – No Duty to Defend or Indemnify – Other Terms and Conditions**
**(Against All Defendants)**

34. Hamilton incorporates by reference Paragraphs 1 through 33, above.

35. Other terms and conditions of the Hamilton Policy apply to limit or preclude coverage for the *Rebman* Action or to reduce the applicable limit of coverage to $100,000 per Claim which is reduced by the payment of defense fees and costs on the part of Lamoine.

36. An actual controversy exists between Hamilton and the Defendants because Hamilton contends that once it pays $100,000, either by payment of defense fees and costs or a settlement or judgment, it no longer will have a duty to defend Lamoine or to pay any judgment in or settlement of the *Rebman* Action due to additional terms, conditions, exclusions, and endorsements as may be proven at trial.

37. Hamilton is informed and believes that Defendants contend otherwise.

38. A judicial determination is necessary to determine the respective rights of the parties hereto pursuant to the terms, conditions, exclusions and endorsements of the Policy.

Wherefore, Hamilton prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Hamilton prays for judgment as follows:

ON THE FIRST CLAIM FOR RELIEF

1. For a judicial determination, declaration, and order that the Bedsores Limitation Endorsement applies to the *Rebman* Action and the only potential coverage available for Lamoine under the Policy for the *Rebman* Action is subject to the Bedsores Limitation Endorsement, including the $100,000 sublimit.

ON THE SECOND CLAIM FOR RELIEF

2. For a judicial determination, declaration, and order that once Hamilton pays the $100,000 Sublimit, it no longer has a duty to defend Lamoine against the *Rebman* Action and may withdraw from the defense of the *Rebman* Action;

ON THE THIRD CLAIM FOR RELIEF

3. For a judicial determination, declaration, and order that Hamilton has a right of reimbursement of the attorneys' fees and costs that Hamilton expended in defense of Lamoine in the *Rebman* Action from the date the $100,000 Each Occurrence, Claim or "Health Care Incident" sublimit is expended forward;

ON THE FOURTH CLAIM FOR RELIEF

4. For a judicial determination, declaration, and order that once Hamilton pays the $100,000 Sublimit, it no longer has a duty to indemnify Lamoine with regard to the *Rebman*

Action, and that any judgment that Bradley Rebman may obtain in the *Rebman* Action will not be enforceable against Hamilton;

ON THE FIFTH CLAIM FOR RELIEF

5.    For a judicial determination, declaration, and order that the that once Hamilton pays $100,000 pursuant to any of the terms, conditions, exclusions and endorsements in the Policy that are applicable to the *Rebman* Action, whether in defense fees and costs or as part of a settlement or judgment, Hamilton no longer has a duty to defend or indemnify Lamoine with regard to the *Rebman* Action, and that any judgment that Bradley Rebman may obtain in the *Rebman* Action will not be enforceable against Hamilton;

6.    For interest and all recoverable costs; and

7.    For such other and further relief for Hamilton as the Court deems just and proper.

Dated: December 18, 2024

By: /s/ Alexandrea Y. Diaz

Matthew J. Hafey (C.D. Ill. Admission Pending)
Alexandrea Y. Diaz
NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP
10 S. Wacker Drive, 36th Floor
Chicago, IL 60606
Telephone: (312) 585-1400
Facsimile: (312) 585-1401
mhafey@nicolaidesllp.com
adiaz@nicolaidesllp.com

*Attorneys for Plaintiff Hamilton Select Insurance Inc.*